IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICTORIA SANTIAGO GARCIA, et al.,**<br><br>   Plaintiffs,<br><br>   v.<br><br>**COSTCO WHOLESALE CORP. et al.**<br><br>   Defendants. | Civil No. 19-1082 (SCC/BJM) |

### ORDER

Plaintiffs, Victoria Santiago Garcia et al., ("Santiago") filed a personal injury suit against defendants, Costco Wholesale Corp. ("Costco") et al., after Santiago fell at a food court operated by Costco. Santiago filed a motion for sanctions against Costco due to allegedly improper behavior during the discovery stage of this case. Dkt. No. 43. Specifically, Santiago alleges Costco improperly designated its Rule 30(b)(6) deponent, failed to produce documents in a timely manner, and improperly objected to lines of questioning during deposition. *Id.* Costco opposed this motion. Dkt. No. 46. This case was referred to me by the presiding district judge. Dkt. No. 51.

*Designation of Rule 30(b)(6) Deponent*

Santiago first alleges Costco improperly designated Hector Rivera ("Rivera") as its representative for the deposition and failed to prepare Rivera for the deposition. The person or persons designated by an organization need not have personal knowledge of the events in question, so long as they are able to testify to "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). However, courts have held an organization "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] . . . ." *Mitsui & Co. (U.S.A.), Inc. v. P.R. Water Res.*

*Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981). In either case, a corporate defendant must prepare the deponent "'to the extent matters are reasonably available, whether from documents, past employees, or other sources.' Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanz., Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).

When assessing whether a Rule 30(b)(6) deponent adequately prepared for the deposition, courts have examined whether the deponent spoke to other employees with relevant information, reviewed relevant documents, and conferred with the organization's counsel. *Cooper v. Charter Commun., Inc.*, 3:12-CV-10530-MGM, 2016 WL 1430012, at *2 (D. Mass. Apr. 11, 2016). Additionally, courts may order a new deposition after finding evidence of bad faith or a "willful obstruction of the discovery process." *Berwind Prop. Group Inc. v. Envtl. Mgt. Group*, *Inc.*, 233 F.R.D. 62, 65 (D. Mass. 2005).

Santiago claims Costco failed to adequately prepare Rivera and that producing an unprepared witness is tantamount to producing no witness at all. Dkt. No. 43 ¶ 35. Thus, she asks this court to sanction Costco by requiring it to pay the cost of the deposition. However, "sanctions for non-appearance are only available when a deponent 'literally fails to show up for a deposition session.'" *Baker v. St. Paul Travelers Ins. Co.*, 670 F.3d 119, 124 (1st Cir. 2012) (quoting *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 n.2 (1st Cir. 1991)). Otherwise, sanctions might be available if the deponent "literally 'possesse[s] no knowledge relevant to the subject matters identified in the Rule 30(b)(6) notice'" or does "nothing except show his face," and "refuse[s] to answer questions in an intelligent way." *Id.* (citations omitted).

Based on the information before this court, Santiago has not demonstrated that Rivera meets this standard. Rivera testified for approximately five-and-a-half hours, producing a 170-page transcript. Santiago provided this court with thirty-four pages she contends demonstrate both Rivera's failure to prepare and opposing counsel's problematic conduct. The court is left to assume the remaining 136 pages contain useful testimony. In the pages provided, Rivera stated he reviewed Costco's safety procedures and the relevant incident report while preparing for the deposition and provided copies of the documents to Costco's counsel. Rivera Dep. 43, p. 43. He also detailed the procedures Costco follows to collect information requested by attorneys and stated he spent several hours collecting documents for this deposition. *Id.*, pp. 92–93.

A deponent who conferred with the organization's attorney, spent several hours collecting documents, and whose testimony produced 136 pages of presumably useful information cannot fairly be described as completely unprepared to testify. Further, though Costco should have provided all of the documents before the deposition, its provision of documents afterward and its willingness to continue the deposition at a later date demonstrate good faith. Because Costco did not violate its duty to prepare its Rule 30(b)(6) designee, no sanctions are warranted.

***Production of Documents Pursuant to Rule 34***

Additionally, Santiago alleges Costco failed to produce documents and requests sanctions for this conduct. Dkt. No. 43 ¶¶ 11, 12, 21-23, 31. Costco contends it timely objected to inquiries 2, 5, 19, and 24 and had previously informed Santiago that documents responsive to inquiries 10, 11, 12, 13, 16, 18, 19, 21, 22, 23, 24, 26, 30, and 37 did not exist. Dkt. No. 46 ¶¶ 5–7. At multiple points during the deposition, Rivera admitted he had not reviewed or brought requested documents that were in Costco's possession and states he brought what was asked of him by Costco. Dkt. No 43 ¶¶ 15–25; 64. Costco maintains that additional documents were provided in good faith and that

it will continue to produce relevant material. Dkt. No. 46 at 9, n. 1. Further, Costco contends that, prior to the deposition, it provided Santiago's counsel with the documents, objected to the request, or informed Santiago's counsel the requested documents did not exist. Dkt. 46 ¶ 14.

"Rule 37 sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process." *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18–19 (1st Cir. 1991). When a party fails to produce documents, the other party should file a motion to compel their production. *Id.* Such a motion would allow the court to determine whether the documents are required. *Id.* Additionally, "the court would have . . . the power, should it [find] the failure to make production to be substantially unjustified, to award reasonable expenses, including attorneys' fees, to the movant(s). *See, e.g.,* Fed. R. Civ. P. 16(f), 37(a)(4)." *Id.* "If, thereafter, the [party] . . . refused to comply with the specific order for production, sanctions could appropriately have been imposed under Rule 37(b)(2)." *Id.*

Here, Santiago never filed a motion to compel discovery regarding these documents. Instead she has filed a motion for sanctions to compensate for additional time and money spent obtaining documents due to Costco's delays. Rule 37(b) requires that a court order be in effect, and then violated, before sanctions are imposed. *Id.* (collecting cases). This court thus cannot impose sanctions for violating a court order because no court order compelling this information was in effect.

"The Court also has inherent powers that enable it to enforce standards of conduct during discovery" and "is not without recourse when a party engages in inappropriate behavior that does not precipitate the filing of a motion to compel," *Pan Am. Grain Mfg. Co. v. P.R. Ports Auth.*, 193 F.R.D. 26, 31 (D.P.R. 2000), *aff'd sub nom. Pan Am. Grain Mfg. Co., Inc. v. P.R. Ports Auth.*, 295 F.3d 108 (1st Cir. 2002). However, "[w]hen . . . the Civil Rules limit the nature of the sanction that

can be imposed, a court may not use its inherent powers to circumvent the Rules' specific provisions." *U.S. v. One 1987 BMW 325*, 985 F.2d 655, 661 (1st Cir. 1993). Here, the Civil Rules limit the nature of the sanction that can be imposed and thus cannot be circumvented. Thus, this court cannot impose sanctions against Costco for failing to produce, or delaying the production of, documents.

*Attorney Conduct at Deposition*

Santiago next contends Costco's counsel made various inappropriate objections that interfered with the right to conduct a fair examination free from interruption. For example, when Santiago's counsel asked Rivera whether he brought documents responsive to various questions in the notice of request for documents, Costco's counsel objected to the overburden of the question. Rivera Dep. p. 54, ll. 10–11; p. 55, ll. 2–3; p. 56, ll. 10–11; p. 60, l. 9; p. 65, ll. 19–20; p. 66, l. 19; p. 67, l. 18. Costco's counsel also objected to a question regarding the amount of time needed to obtain documents by incorrectly claiming the question "goes to work product." Dkt. No. 43 ¶ 26.

> The Federal Rules of Civil Procedure state:
>
> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner.

Fed. R. Civ. P. 30(c)(2). "The court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Here, per the transcript submitted, Costco's counsel's made eighteen objections during Rivera's five-and-a-half-hour deposition. All were no more than a few words long and none were argumentative or suggestive. The deponent still responded to the questions. Generally, objections consisting of a single word, or a brief

statement of their basis "comply with the mandate of Rule 30(c)(2) that an objection be 'stated concisely in a nonargumentative and nonsuggestive manner.'" *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, CIV. 08-158-P-H, 2008 WL 5382284, at *4 (D. Me. Dec. 19, 2008). Based on his brief objections, Costco's counsel did not violate Rule 30(c)(2) and no sanctions are warranted.

### *List of Employees Working on January 31, 2018*

During Gamaliel Morales-Rosa's ("Morales-Rosa") deposition, after Morales-Rosa stated he did not work at Costco on the date of Santiago's fall, Costco's counsel incorrectly stipulated that Morales-Rosa did work that day. Santiago contends Costco did not correct this error and provide an accurate list of employees working that day until November 26, 2019, after the close of discovery. Dkt. No. 43 ¶ 49. Costco states it "immediately" corrected the error upon learning of it. Dkt. No. 46 ¶ 28. This court later extended the discovery deadline until January 31, 2020. Still, a party must correct a disclosure, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). A party that fails to correct its erroneous disclosure in a timely manner, "is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Additionally, the court may order reasonable expenses, including attorney's fees caused by the failure. *Id.*

This court previously held a correction was not untimely when it was made forty days after realizing the error and more than thirty days before trial because no trial date had been set. *Ares-Perez v. Caribe Physicians Plaza Corp.*, 261 F. Supp. 3d 265, 268–69 (D.P.R. 2017). Here, though it is unclear when Costco realized its error, the correction on November 26, 2019 came just

nineteen days after the erroneous information was stated at the deposition and more than thirty days before trial, originally set to begin March 17, 2020, as required by Fed. R. Civ. P. 26(a). Because Costco did not violate its duty under Rule 26(a) or 26(e), there is no reason to impose sanctions under Rule 37(c).

*Personal Information*

Finally, Costco's counsel instructed Mr. Navarro and Mr. Morales-Rosa to refrain from disclosing their home addresses, personal email addresses and personal phone numbers during their depositions and both deponents subsequently refused to disclose this information. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). "[D]iscovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 n.2 (M.D. Fla. 2000) (imposing sanctions on attorney who instructed plaintiff not to disclose his social security number). However, "there is a recognized 'privacy interest in keeping personal facts away from the public eye,'" *Associated Press v. U.S. Dept. of Defense,* 554 F.3d 274, 284 (2d Cir. 2009) (quoting *U.S. Dep't of Justice v. Reporters Comm.*, 489 U.S. 749, 776 (1989)), that applies with particular force to the personal information of innocent third parties. *United States v. Amodeo ("Amodeo II"),* 71 F.3d 1044, 1050–51 (2d Cir. 1995). This interest has generally been recognized by requiring the redaction of sensitive personal information from deposition transcripts. *DaCosta v. City of Danbury*, 298 F.R.D. 37, 41 (D. Conn. 2014) (ordering redaction of identifying information of parties and nonparties including home addresses, email addresses and phone numbers). Local Civil Rule 5.2(a) requires information such as social security numbers, dates of

Case 3:19-cv-01082-SCC-BJM   Document 53   Filed 07/06/20   Page 8 of 8

Santiago Garcia, et al. v. Costco Wholesale Corp., et al., Civil No. 19-1082 (SCC/BJM)                                    8

birth, and home addresses be redacted from court filings. U.S. Dist. Ct. Rules D.P.R., L.Cv.R. 5.2. Thus, Costco's counsel must provide Santiago's counsel with Mr. Navarro's and Mr. Morales-Rosa's home address, email address, and phone number within seven days of this order. Costco may seek a protective order to redact this information from any court filings.

## CONCLUSION

For the above reasons, Plaintiffs' motion is granted in part and denied in part.

**IT IS SO ORDERED**.
In San Juan, Puerto Rico, this 6th day of July, 2020.

                                                 **S/Bruce J. McGiverin**
                                                 BRUCE J. MCGIVERIN
                                                 United States Magistrate Judge