IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

VICTORIA SANTIAGO ET AL.,

Plaintiffs,

v.

COSTCO WHOLESALE CORP. ET AL.,

Defendants.

CIV. NO. 19-1082 (SCC)

**OPINION AND ORDER**

There are four pending motions in limine (Docket Nos. 74, 75, 82, 83). To resolve them before trial begins, the Court ordered each party to submit a filing that responded to our specific requests and included any other responses in opposition. Docket No. 84. We address each motion in turn.

**I. OTHER STORES' LAYOUTS**

Costco has moved the Court to exclude (1) photos of its food court in Texas, (2) photos of its food court in California, (3) photos of Walmart's food court in Puerto Rico, and (4) photos of K-Mart's food-court tables on the ground that they are irrelevant. Docket No. 74 (referencing Docket No. 62, pg.

23). Bench layouts other than the one where Victoria Santiago was allegedly injured, Costco argues, does not make it more probable that it negligently arranged the benches here. *Id.* at pgs. 4–5. The Court ordered the plaintiffs to explain why these photos are relevant. Docket No. 84, pg. 2. Afterwards, the parties filed an amended pretrial report. Docket No. 89. Because the amended pretrial report shows that the plaintiffs no longer intend to use the Walmart or K-Mart photos at trial, *see* Docket No. 89, pg. 23, Costco's motion is moot insofar as it seeks to exclude them. But the plaintiffs still intend to use photos of other Costco stores' cafeterias.

The plaintiffs contend that photos from other Costco stores are relevant because they show (1) that the store here departed from other stores' bench layouts and (2) how the store here "should" have arranged its benches. Docket No. 90, pg. 2. The fact that the store here deviated from what others do, they say, makes it more likely that the store here negligently arranged its benches. *Id.* at 3. We disagree. Evidence is relevant if it has any tendency to make a fact of

consequence more or less probable. FED. R. EVID. 401. Other Costco stores' layouts do not make it more likely that Costco negligently arranged the benches here. For other stores' layouts have nothing to do with the propriety of this one and the fact that two random Costco stores—one in Texas and one in California—arrange their benches differently does not make it more probable that the arrangement here is negligent. We grant Costco's motion to exclude photos of them.

## II.  EXPERT TESTIMONY ON THE ADA & FIRE CODE

Costco seeks to exclude the plaintiffs' expert testimony that its cafeteria's layout violates provisions of the Americans with Disabilities Act ("ADA") and Life Safety Code NFPA-101 on the ground that it is irrelevant. Docket No. 75. It is irrelevant, Costco argues, because the plaintiff has said that she is not disabled, and she does not allege that her injuries occurred during a fire. *Id.* at pg. 7. The Court ordered the plaintiffs to explain why this evidence is relevant and why it will help the jury. Docket No. 84, pg. 3.

The plaintiffs contend that evidence that Costco's bench layout violated the ADA and fire code is relevant because it shows that Costco created a dangerous condition by violating them and knew that violating them would create a dangerous condition. Docket No. 90, pg. 3. The regulations, moreover, go to the "means of egress," which is directly related to causation. *Id.* at 3–4. Had Costco followed these regulations, the plaintiffs argue, Victoria Santiago's accident would not have happened. Thus, "testimony about these [regulations] has the tendency to make [it] more probable that Costco's negligence was a result of [these] violations." *Id.* at 4.

An expert's proffered testimony must "rest[] on a reliable foundation and [be] relevant to the task at hand." *Carrozza v. CVS Pharm., Inc.*, 992 F.3d 44, 56 (1st Cir. 2021) (quoting *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 31 (1st Cir. 2012)). There are three factors underlying this determination: "(1) whether the proposed expert is qualified by 'knowledge, skill, experience, training, or education'; (2) whether the subject matter of the proposed testimony properly concerns

'scientific, technical, or other specialized knowledge'; and (3) 'whether the testimony [will be] helpful to the trier of fact.'" *Id.* (quoting *Bogosian v. Mercedes-Benz of N. Am., Inc.*, 104 F.3d 472, 476 (1st Cir. 1997)). "[T]he proponent of evidence bears the burden of demonstrating its admissibility." *United States v. Tetioukhine*, 725 F.3d 1, 6 (1st Cir. 2013).

Under Puerto Rico law, noncompliance with a statute, regulation, or rule may lead to liability where there is a "causal nexus between said violation or omission and the injury or damage caused." *De Bezares v. Puerto Rico Water Res. Auth.*, 112 D.P.R. 296, 302 (P.R. 1982); *see also Ortíz-Torres v. K&A Developers, Inc.*, 136 D.P.R. 192, 198 (P.R. 1994). Thus, whether Costco complied with applicable statutes, regulations, and rules is relevant to whether it negligently arranged the benches. As to the ADA regulations, there are three pertinent sections in the expert's report. But none of them are helpful: the first usurps the role of the judge, the second usurps the role of the jury, and the third does not require expertise. So, we exclude the ADA testimony.

The first section consists of three pages where the expert recites various ADA regulations. Docket No. 91-1, pgs. 22–24. "It is black-letter law that 'it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.'" *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (quoting *United States v. Newman*, 49 F.3d 1, 7 (1st Cir. 1995)). Testimony to establish what a statute or regulation means or what it requires "is not helpful to the jury and so does not fall within the literal terms" of Rule 702. *Id.* at 100; *see also United States v. Mikutowicz*, 365 F.3d 65, 73 (1st Cir. 2004) ("Expert testimony proffered solely to establish the meaning of a law is presumptively improper." (quoting *United States v. Prigmore*, 243 F.3d 1, 18 n.3 (1st Cir. 2001))). But there is a caveat: while "[e]xperts generally may not testify on pure issues of law, such as the meaning of statutes or regulations," "courts have permitted regulatory experts to testify on complex statutory or regulatory frameworks when that testimony assists the jury in understanding a party's actions within that broader framework." *Antrim Pharms. LLC*

*v. Bio-Pharm, Inc.*, 950 F.3d 423, 430–31 (7th Cir. 2020) (citations omitted); *cf. Pelletier v. Main St. Textiles, LP*, 470 F.3d 48, 55 (1st Cir. 2006) (explaining that there are some situations where experts are "permitted to testify about the law applicable to the case"). Here, however, the expert's testimony does not help the jury understand Costco's actions within a broader regulatory framework. That is because her "expert opinion" regarding the ADA regulations—discussed below—simply tells the jury which result to reach and draws commonsense conclusions.

The second section of her expert report merely opines that Costco negligently arranged its benches. *See* Docket No. 91-1, pg. 25 ("Regarding accessibility and non-discrimination, the defendant was non-compliant and was negligent because [sic] did not considered [sic] the strict federal regulations that requires [sic] to provide fair access without discrimination to all clients and disregarding [sic] limitations and individual needs that can be comprehensive and diversed [sic]."); *id.* ("Regarding functionality, the defendant was non-compliant

and was negligent because [sic] did not considered [sic] the servicing and usability of this food court, and of existing seating fixture characteristics, to facilitate their clients to move in and move out safely. Instead, the defendant created conditions that caused the falling, the stucking [sic], the crashing and related body injuries to the plaintiff."). To be sure, evidence "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704(a). But expert testimony that simply tells the jury which result to reach is not helpful and wastes time. FED. R. EVID. 704 adv. comm. note ("Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach."). We exclude this testimony under Rule 702 because it is unhelpful and under Rule 403 because its probative value is substantially outweighed by a danger of wasting time.

Finally, in the third pertinent section of her report, the expert draws commonsense conclusions based on her visual inspection of the benches. *See* Docket No. 91-1, pg. 26 ("The fixtures were organized disallowing direct acces [sic] to seating surface, with an extremely narrow circulation routes [sic], with agglomerated layout and with an extremely constrict [sic] access to seating surfaces."); *id.* (stating the benches do not allow people "to slide to the sides of each bench segment and allow[] each user a free movement without obstructions or impediments"); *id.* ("[I]nstead of [sic] layout from approved plans we found a clustered and overcrowded fixture layout with constraint [sic] circulation paths between fixtures . . . ."); *id.* ("The agglomeration and overcrowding at the food court decrease the space available for circulation and creates barriers at table ends dissallowing [sic] access to most accessible seats."); *id.* at 27 (explaining that Victoria Santiago had to "climb in and climb out perpendicularly and to rotate where there is no space to do so" to sit on the bench); *id.* ("This situation [*i.e*, shopping carts

left at the end of benches] worsen [sic] space constraints caused by defendant and allowed the conditions for obstructions at each end of seating benches and circulation paths, created barriers and made the seating area more risky."). None of these personal observations require specialized knowledge. "Expert testimony does not assist where the [trier of fact] has no need for an opinion because it easily can be derived from common sense, common experience, the [trier of fact's] own perceptions, or simple logic." *United States v. Zajanckauskas*, 441 F.3d 32, 39 (1st Cir. 2006) (quoting 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 6264 (2005)). The jurors can draw all these conclusions based on commonsense, common experience, and simple logic: It is commonsense that more benches lead to overcrowding and less space to maneuver; if the benches do not have space in between them, people will have to climb over them to sit down on the middle spaces; and leaving carts at the ends of benches limits space. We exclude this testimony because the jury does not need an

expert to explain these things to them.

If the plaintiffs would like the jury to know what ADA regulations require, they should add them to their proposed jury instructions. And if they want the jury to know that Costco violated them, they can introduce evidence of its acts and omissions. As to the alleged fire code violations, we defer ruling on that issue until trial.

### III. PRETRIAL REPORT ALLEGATIONS & EXHIBIT 6

The plaintiffs have moved the Court to exclude statements that Costco made in its pretrial report on the ground that they have no foundation and are speculative. Docket No. 82. Costco stated in its pretrial report that it has been using the same benches in the store here since it opened in 2000 and that there had only been two accidents like Victoria Santiago's in the last three years. *Id.* at pg. 1 (referencing pretrial report). The Court ordered Costco to lay a foundation for this testimony. Docket No. 84, pgs. 3–4. Costco stated that it intended to call Freddie Navarro to present this testimony and that he has been working at the

store here since it opened in 2002.[1] Docket No. 86, pg. 1. If Mr. Navarro has personal knowledge that the store here has been using the same benches since it opened and that only two accidents like Victoria Santiago's have occurred in the last three years, his testimony about them would not lack a foundation nor be speculative. *See* FED. R. CIV. P. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."). Because the Court will not know whether Mr. Navarro has personal knowledge until he testifies, we deny the plaintiffs' motion to exclude these statements from the pretrial report without prejudice. If he lacks personal knowledge, the plaintiffs may object to his testimony at trial.

The plaintiffs also move the Court to exclude Exhibit 6, which is an enlarged map of the store's floorplan. Docket No.

---

1. Costco agrees that the store here opened in 2002, not 2000. Docket No. 86, pg. 1.

82, pg. 4. They contend that it is hearsay, unreliable, and cannot be authenticated under Rule 901 because Costco has no evidence that this exhibit is what it claims it to be. *Id.* The Court ordered Costco to explain what evidence it intends to produce "to support a finding that [Exhibit 6] is what [Costco] claims it is," Fed. R. Evid. 901, and what it is offering Exhibit 6 to show. Docket No. 84, pg. 4. After our order, however, the parties agreed to a new pretrial report where they stipulated to Exhibit 6's admissibility. Docket No. 89, pg. 22. Because the plaintiffs have stipulated to Exhibit 6's admissibility, their motion to exclude it on the grounds that it is hearsay, unreliable, and unauthenticated is moot.

### IV.   Expert Reports & Curriculum Vitae

The plaintiffs have moved the Court to exclude Costco's experts' reports and curriculum vitae on the ground that, if offered for their truth, they are hearsay. Docket No. 83. The Court ordered Costco to explain what it is offering these documents to show. Docket No. 84, pg. 4. But it did not. When we noticed that its filing did not respond to our order, we

allowed it to submit another to correct this omission. Docket No. 87. It declined to.

We agree that Costco may not offer its experts' reports and curriculum vitae to prove the truth of the matter asserted. *See Jones ex rel. United States v. Mass. Gen. Hosp.*, 780 F.3d 479, 494 (1st Cir. 2015) (stating that an expert report offered to prove the truth of the matter asserted is a "quintessential example of hearsay"). Neither can the plaintiffs. But there are some purposes for which these documents may be admitted into evidence (*e.g.*, impeachment). Thus, we do not categorically exclude them. But we make clear that neither party may use their experts' reports or curriculum vitae in their case-in-chief. That is because if they are offered to bolster their expert's testimony, they are offered in support of the truth of the matter asserted and are therefore hearsay.

The plaintiffs also ask the Court to exclude these documents on the ground that they are cumulative and prejudicial. Docket No. 83, pg. 3. But whether they are cumulative depends on what they are being offered to show.

And we cannot weigh their probative value against their prejudicial effect without knowing why Costco seeks to offer them into evidence. We, therefore, deny without prejudice the plaintiffs' motion to exclude them.

### V. Conclusion

In sum, the Court (1) **GRANTS** Costco's motion to exclude photos of other Costco stores' cafeteria layouts (Docket No. 74), (2) **GRANTS** Costco's motion to exclude expert testimony regarding ADA violations and **DEFERS** until trial ruling on the portion regarding fire code violations (Docket No. 75), (3) **DENIES without prejudice** the plaintiffs' motion to exclude Costco's allegations in the pretrial report (Docket No. 82), and (4) **DENIES without prejudice** the plaintiffs' motion to exclude Costco's experts' reports and curriculum vitae (Docket No. 83).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of March 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE