UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICTORIA SANTIAGO GARCIA, ET ALS**<br><br>**Plaintiffs**<br><br>V.<br><br>**COSTCO WHOLESALE CORP., ET ALS**<br><br>**Defendants** | CIVIL NO.19-CV-1082(CCC)<br><br>CIVIL ACTION FOR TORTS;<br><br>TORTS<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

### PLAINTIFF's MOTION FOR COSTS OF LITIGATION

TO THE HONORABLE COURT:

COMES NOW Plaintiffs, Mrs. Victoria Santiago, et. al, through the undersigned, and respectfully brings this motion for litigation costs pursuant to Federal Rules of Civil Procedure 54(d)(1) (2).

1. The Judgment (Docket 112) in the instant case was entered on March 25, 2022. The Jury rendered a Verdict in favor of plaintiffs Victoria Santiago and Reynaldo Rivera, finding by a preponderance of the evidence that defendant Costco Wholesale Corp was negligent and that its negligence was the proximate cause of Plaintiffs' damages, attributing a 15% comparative negligence to defendants and an 85% to Plaintiffs.

2. Fed. R. Civ. P. 54(d)(1) states in its pertinent part that: "*Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party*". "*The award of costs to the prevailing party is the norm, and not the exception*". See Delta Air Lines Inc. v. August. 450 U.S. 346, 352 (1981).

3. *A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded.*" Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health

1

& Human Res., 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., 298 F.3d 1238, 1248 (11th Cir. 2002); Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 905 (8th Cir. 2000); a prevailing party is generally entitled to costs even though the party may have received only partial damages under a comparative negligence statute. See Weseloh-Hurtig v. Hepker, 152 F.R.D. 198, 200 (D.Kan.,1993) (allowing full recovery of costs for prevailing party although that party received only partial damages under a comparative negligence statute); Ortega v. IBP, Inc., 883 F.Supp. 558, 561 (D.Kan.,1995). Courts generally decline to depart "from the general rule that the prevailing party should be allowed costs," even when the prevailing party was also attributed a percentage of fault under a comparative negligence statute. See Rowe v. DPI Specialty Foods, Inc., No. 2:13-cv-708-DN, 2016 U.S. Dist. LEXIS 53335, at *9 (D. Utah Apr. 20, 2016).

4. Therefore, Plaintiffs are the prevailing party regardless of the amount of damages awarded by the Jury, and hereby move the Court to instruct the Clerk to award them the costs of litigation in the total amount of $10,338.84. See Bill of Costs in EXHIBIT A and a verified Itemization for Requested Costs in EXHIBIT B.

### SPECIFIC TAXABLE COSTS REQUESTED

#### 1. FILING FEE OF THE COMPLAINT:  $400

The Taxation Cost Guidelines of the District Court for the District of Puerto Rico provide that it is the policy of the Office of the Clerk that filing fees of the complaint are taxable as costs. See attached receipt of filing fee incurred by Plaintiff as itemized in Bill of Costs. (Exhibit 1).

#### 2. SERVICE OF SUMMONS AND SUBPENAS: $ 140.00

The Taxation Cost Guidelines of the District Court for the District of Puerto Rico provide that it is the policy of the Office of the Clerk that service of process fees are taxable. Plaintiff had to personally serve a summons to Defendant under FRCP 4. Furthermore, Plaintiff served a

subpoena to Ms. Cruz Ayala who was list as plaintiff's witness in the case. See Bill of Costs attached with invoices of Server's services as itemized. (Exhibit 2).

### 3. TRANSLATIONS BY INTERPRETER: $ 2,444.65

The Taxation Cost Guidelines of the District Court for the District of Puerto Rico provide that, with the exception of translation of written documents, Section 1920 (6) permits taxation of interpreters' fees for services rendered during trial or a deposition.  See <u>Taniguchi v. Kan Pacific Saipan, Ltd., 132 S.Ct. 1997 (2012)</u> (costs associated with "compensation of interpreters" in Section 1920(6) are allowable to those providing oral translations). Plaintiff incurred in the translation of witnesses during deposition and trial. See Bill of Costs attached. Costs of certified translations for all documents filed in court shall be taxed as costs. <u>Mendez-Matos v. Municipality of Guaynabo</u>, 498 F. Supp. 2d 473, 475 (D.P.R. 2007).

An itemized table containing the information of costs incurred for translations at trial and during depositions is included attached (Exhibit 3).

### 4. COURT REPORTER'S TRANSCRIPTS OF DEFENDANT'S DEPOSITIONS USED AT TRIAL TOTALING $3,184.19.

The general rule is that costs incurred in taking depositions will be taxed in favor of the prevailing party when the depositions are introduced as evidence. <u>Templeman v. Chris Craft Corp</u>., 770 F. 2d 245, 249 (1 st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S. Ct. 571, 88 L. Ed. 2d 556 (1985). Section 1920(2) permits taxation of costs for the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The cost of transcribing depositions fits within the meaning of this subsection. See <u>Papas v. Hanlon</u>. 849 F.2d 702, 704 (1st Cir. 1988) (stating that taking and transcribing depositions fall within the ambit of section 1920(2)); <u>Templeman v. Chris Craft Corp</u>., 770 F.2d 245 (1st Cir. 1985). See Bill of Costs attached with invoices of Deposition Transcripts used at trial for

3

impeachment and direct examination (leading question) purposes upon witnesses of opposing party.

### 5. EXPERT WITNESS FEES

The Taxation Cost Guidelines of the District Court for the District of Puerto Rico provide that expert witnesses are entitled to the statutory attendance amount of $40.00 per appearance per diem plus mileage, plus transportation expenses for those days in which trial testimony is given or when a deposition is allowable as cost.  28 U.S.C. § 1821; United States v. Davis, 87 F. Supp. 2d 88 (D.R.I. 2000).

However, this district court has equitable discretion to tax expert witness fees beyond the statutory limit when the expert's testimony is indispensable and necessary for the determination of the case, even though the party on whose behalf the expert witness testified has not sought prior approval from the judge. Coleman v. Omaha, 714 F.2d 804, 809 (8th Cir. 1983); Roberts v. S.S. Kyriakoula D. Lemos, 651 F.2d 201, 203-207 (3d Cir. 1981); Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964).

In the instant case, regarding the interior design-layout of tables on a floor plan approved, Plaintiffs borne the burden of proving by a preponderance of the evidence, that Defendant had violated an Occupancy Permit issued by a regulating government entity of Puerto Rico when deviated from the design-plan approved by a regulatory entity, and that a causation existed between such design violation and the injuries suffered by Plaintiff. Plaintiffs had the obligation to retain the services of one indispensable liability expert, Architect Iris Gonzalez, with knowledge of state law pertaining to interior design and permits, to be able to present to the Jury that Defendant's violation of an occupancy permit by departing from the design plan approved by ARPE constituted a violation of Puerto Rico law and thus a liability to Defendants.  Architect Gonzalez's had a specialized knowledge and

experience in interior design and construction permits, and her testimony played a critical role in Plaintiffs' claim for liability and causation of the permit's violation, which the Jury found. Under Puerto Rico's tort law, a party must show the breach of duty element, and a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause). See Torres v. K-Mart Corp., 233 F. Supp. 2d 273, 277-78 (D.P.R. 2002) (citing Cintron-Adorno v. Gomez, 1999 TSPR 18. Architect's Gonzalez's testimony assisted the trier of fact to understand the floor plan approved by ARPE as part of an occupancy permit, and violations at issue by departing from the design as the proximate cause of the accident, being an essential element of the claim, making her expert testimony necessary.

In diversity actions in the First Circuit, state law determines whether expert testimony is necessary. See Beaudette v. Louisville Ladder, Inc., 462 F.3d 22, 27 (1st Cir. 2006). Courts in Puerto Rico have generally found that a party that claims that a defendant incurred in liability arising from a deviation of a design or construction may have the absolute need to present expert testimony to prove liability, breach of duty, or causation, or even when the matter is sufficiently beyond common experience. See *Vazquez-Filippetti v. Banco Popular*, 504 F.3d 43, 46 (1st Cir. 2007) [finding that commonwealth courts would impose the same requirement for specific evidence, usually in the form of expert testimony, of an objective standard of care (and breach thereof) to cases involving structures or buildings]. The Court in *Filippetti* expressed: "Claims arising from allegedly dangerous properties may, alternatively, take the form of a defective design (or negligent design) case [….] in a design case must present evidence as to the specific duty or standard of care applicable to the design of the product or property at issue […] the risks to patrons stem from the layout of or the nature of improvements on the property […] and the jury must evaluate the

5

defendant's actions with some understanding of what would, or would not, constitute a reasonably safe design. (citations omitted).

Architect Gonzalez made 3 appearances during trial, for a basic statutory compensation of $120.00, plus the costs of what this Court, under its discretion, can grant as taxable for such indispensable and necessary expert, which totaled $3,670 based on her invoices attached in Exhibit 5. See Bill of Costs attached.

Also, Plaintiffs incurred in one medical expert, Dr. Carlos Grovas, who made 1 appearance, which translate into $40.00 at the statutory rate per diem.  See Bill of Costs attached.

## 6. FEES FOR EXEMPLIFICATION, PHOTOS, RENDERINGS AND PICTURES USED AT TRIAL TOTALING $500.00

The Taxation Cost Guidelines of the District Court for the District of Puerto Rico provide that demonstrative or illustrative evidence is taxable with the approval of the Court, and that exemplification covers photographs, illustrations and other similar graphic aids.  Johnson v. State of R.I., Dept of Corrections, 2000 WL 303305, p. 15 (D.R.I.); Davis, 87 F. Supp. 2d at 88.  Plaintiff had to incur in developing renderings and three-dimensional drawings of the tables at issue in the case, which was a material aid to the Jury in understanding the controversy and resolving the disputed questions of fact regarding how the tables at issue were laid out in contrast with the permit plans approved and which caused the accident, which were necessary in presenting critical evidence and to the maintenance of the action. See Rodriguez Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990).  See Bill of Costs attached with invoices of fees of renderings used at trial as illustrative evidence.  Plaintiffs respectfully request that the Court approves these fees totaling $500.00, because they were necessary and material for Plaintiffs to be able to present their case in chief to the Jury, resolve the controversy and maintain the action. See Bill of Costs attached with invoice (See Exhibit 5).

6

**WHEREFORE**, plaintiffs respectfully pray that the Honorable Court grants the instant motion and grants Plaintiffs the taxable costs contained in the Bill of Costs and Itemization attached.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on 8th day of April, 2022.

I hereby certify that on this 8th of April of 2022, I electronically filed the foregoing with the CM/ECF system which will send notifications of such filing to the counselors of record.

/s**/ Francisco L. Charles**
Francisco L. Charles-Gomez
USDC-PR  3032011

**Charles Gomez Law Office, LLC**
P.O. Box 1360
Trujillo Alto, P.R. 00977
Tel. (787)662-0178
Fax. (787)724-6780
E-mail:  fcharleslaw@gmail.com

VERIFIED STATEMENT OF FRANCISCO CHARLES, ESQ.

I, Francisco L. Charles, Esq., declare under the penalties of perjury as follows:

(1) That I am attorney and represent the Plaintiffs in the instant captioned case;

(2) That I have personal knowledge of the procedural matters and costs incurred in the captioned case herein stated;

(3) That I declare under penalty of perjury that the foregoing costs are true and correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

/s/ Francisco L. Charles
Francisco L. Charles-Gomez
USDC-PR  3032011